T.C. Memo. 1999-71

UNITED STATES TAX COURT

ASHOK C. SHAH AND JYOTI A. SHAH, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8159-97.                    Filed March 9, 1999.

Ashok C. and Jyoti A. Shah, pro sese.

Eric Skinner, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  By notice dated March 20, 1997, respondent
determined the following deficiency, additions to tax, and
penalty relating to petitioners' Federal income taxes:

| | | Additions to Tax | | | |
|------|------------|-------------|------------------|------------------|-----------|
| Year | Deficiency | Sec. 6653(b) | Sec. 6653(b)(1)(A) | Sec. 6653(b)(1)(B) | Sec. 6663 |
| 1987 | $4,097 | -- | $13,676 | [1] | -- |
| 1988 | -- | $12,849 | -- | -- | -- |

| 1989 | -- | -- | -- | -- | $11,746 |

---

[1] Fifty percent of the statutory interest on $18,234, computed from Apr. 15, 1988, to the earlier of the date of assessment or the date of payment.

All section references are to the Internal Revenue Code in effect for the years in issue.

The issues for decision are as follows:

1. Whether petitioners failed to report capital gain and rental income and overstated depreciation expenses and charitable contributions. We hold that they did.

2. Whether petitioners are liable for section 6653 additions to tax, and a section 6663 penalty, for fraud. We hold that they are.

FINDINGS OF FACT

Petitioners, husband and wife, resided in Kalamazoo, Michigan, at the time their petition was filed. During the years in issue, Mr. Shah worked as a scientist, and Mrs. Shah as a research biochemist, for The Upjohn Company (Upjohn). Upjohn provided petitioners with medical insurance and reimbursed petitioners' employee business expenses.

Petitioners were involved in real estate activities. They jointly owned and managed two rental properties. Petitioners also owned a vacant lot, which they purchased in 1984 for $16,000. Petitioners, in 1986, sold the lot on an installment basis for $26,000 and, in 1987, received a $17,693 payment.

They, however, did not report this payment on their 1987 tax return.

In 1990, respondent audited petitioners' 1987 Federal income tax return. During their initial meeting with an Internal Revenue Service (IRS) auditor, petitioners submitted records, canceled checks, and receipts. Some of the receipts related to medical and employee expenses for which petitioners previously had been reimbursed. At the next meeting, pursuant to the auditor's request, petitioners submitted their 1988 and 1989 records. The auditor asked petitioners whether they had altered certain checks relating to 1987, 1988, and 1989. Petitioners admitted that they had altered these documents. Respondent then initiated a criminal investigation of petitioners. In October 1992, after being notified of the criminal investigation, petitioners amended their 1987, 1988, and 1989 Federal tax returns. Petitioners' numerous adjustments resulted in additional reported taxable income of $46,969, $58,018, and $55,735 for 1987, 1988, and 1989, respectively.

In April 1994, petitioners were charged, pursuant to section 7201, with evading income tax. On November 1, 1994, Mr. Shah pleaded guilty to tax evasion relating to 1989, was sentenced to 13 months in prison, and was ordered to pay a $100,000 fine and $48,626 in restitution. Mrs. Shah pleaded nolo contendere to providing the IRS with fraudulent information, was placed on 2 years probation, and was ordered to pay a $50,000 fine.

- 4 -

OPINION

For the reasons set forth below, we sustain all of respondent's determinations.

Respondent determined that petitioners, on their 1987 tax return, failed to report $4,838 of capital gain and $2,100 of rental income, erroneously claimed a depreciation deduction relating to an automobile, and overstated deductions for charitable contributions and depreciation relating to rental property. Petitioners bear the burden of proof, see Welch v. Helvering, 290 U.S. 111, 115 (1933), yet have failed to establish that respondent's determinations are incorrect.

Respondent also determined that petitioners, pursuant to sections 6653(b)(1)(A) and (B), 6653(b), and 6663, are liable for additions to tax, and a penalty, for fraud. To prove fraud, respondent must establish, by clear and convincing evidence, that for each year in issue an underpayment of tax exists and that some portion of the underpayment is due to fraud. See Petzoldt v. Commissioner, 92 T.C. 661, 699 (1989).

Respondent has established that, for each year in issue, petitioners' underpayment of tax was fraudulent. Each of petitioners' amended returns is an admission of a tax underpayment. See Badaracco v. Commissioner, 464 U.S. 386, 399 (1984). In addition, petitioners' actions warrant an inference of fraud. Petitioners intentionally understated their income and overstated their deductions. As a result, in 1987, 1988, and

1989, petitioners underreported substantial amounts of taxable income (i.e., more than $50,000 each year). See Holland v. Commissioner, 348 U.S. 121, 139 (1954) (holding that a pattern of consistently and substantially underreporting income may justify an inference of fraud). We also note that petitioners, after being informed of the audit, persisted in their attempt to conceal income by submitting to the IRS altered documents and documents relating to expenses for which petitioners previously had been reimbursed. See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983) (stating that a taxpayer's attempts to conceal income, mislead the IRS, or prevent the collection of income tax may establish the requisite fraudulent intent).

Petitioners made numerous other contentions (i.e., right to a refund, relief from joint and several liability, res judicata, collateral estoppel, and several violations of the United States Constitution). We conclude that these contentions are meritless or irrelevant.

To reflect the foregoing,

Decision will be entered

for respondent.